CHRISTOPHER P. BURKE, ESQ.
Nevada Bar No.: 004093
atty@cburke.lvcoxmail.com
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor
in Possession

*ECF FILED ON 12/10/09*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In Re:                              )    BK-S-09-23539-MKN
                                    )    Chapter 11
**ASCENDANT UTAH, LLC.,**           )
                                    )
                                    )
      Debtor in Possession,         )    DATE: 12-23-09
_____      )    TIME: 10:30 A.M.

### OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW, the Debtor in Possession, ASCENDANT UTAH, LLC., (hereinafter "Debtors" or "Ascendant"), by and through their attorney, CHRISTOPHER P. BURKE, ESQ., and respectfully requests this Court to deny the Motion For Relief From The Automatic Stay, filed by Creditor, FNBN-CMLCON I, LLC'S, (hereinafter "Creditor" or "FNBN") by and through its attorneys, SNELL & WILMER, LLP.. This Opposition is based upon the pleading and papers on file herein and the Memorandum of Points and Authorities, attached hereto and incorporated herein.

**I**
**FACTS**

On July 28, 2009, a Chapter 11 bankruptcy was filed on behalf of Ascendant. Listed as a secured creditor is FNBN-CMLCON

1, LLC., the lien holder on property located in Washington County, UT. Originally, it was believed the property encompassed 750 acres. But apparently the claim of FNBN, secures only 725 acres. Ascendant is also purchasing an additional 25 acres, not part of this tract of land. (See Joinder of Nevada Commerce Bank Dkt.#45,pg.1,ln.25-26)

## II
## ARGUMENT

Ascendant owes approximately $25,179,347.67 to FNBN. According to FNBN's motion, it is seeking relief from stay, because of Ascendants lack of post petition payments on its mortgage and for not filing a plan within ninety (90) days of the petition. 11 U.S.C. §362(d)(1),(d)(2) and (d)(3).

## A
## MEET AND CONFER

Prior to filing a motion to lift stay, parties are to communicate in "good faith regarding resolution of the motion before filing. . ." LR 4001(a)(2). Initially, Ascendant argues FNBN did not meet and confer in good faith pursuant to the local rules.

On Wednesday November 24, 2009 Nishat Baig of Snell & Wilmer, LLP. (hereinafter 'Baig') faxed Burke a letter that "FNBN has decided to file a Motion to Terminate the Automatic Stay. . . please call to discuss possible relief from stay". (Ex. 'A'). Shortly thereafter, Burke called Baig and sought to discuss issues regarding retaining the property. Surprisingly Baig informed Burke, despite the fact she had faxed the letter, I

2

would have to talk with the attorney dealing with the property, which oddly was not her.  Allegedly, David Leta, Esq. called Burkes office in the late afternoon that day.  But Burke had already left earlier Wednesday afternoon, for the Thanksgiving holiday. (Ex. 'B').  In addition, Baig's subsequent email later on November 25, 2009 stated FNBN had already decided to file a motion to lift stay that afternoon.  (Ex. 'C').  These acts do not constitute a good faith attempt to resolve this motion. FNBN motion should be denied on that basis alone.

### B
### NOT A SINGLE ASSET CASE

Second, this is not a 'single asset' real estate case as originally believed. 11 U.S.C. §101(51B).  Since filing, Ascendant has amended its petition and schedules A & D to list two (2) different parcels of land, one for 725 acres and one for 25 acres. (Dkt.#49).  Thus, this is not a single asset real estate case.

In addition, these parcels are 'raw land', and currently not generating any gross income for Ascendant.  This is another reason Ascendant is not a single asset case.  Therefore, the ninety (90) day time limit to file a plan is not applicable.  11 U.S.C.§362(d)(3).

### C
### MODIFY A EQUITY CUSHION

Third, even if this Court believes the ninety (90) day limit applies, the Court does not have to lift the stay, it can still modify or condition the stay. 11 U.S.C. §362(d).

Modifying the stay makes more sense, there is equity in the

3

property of over ten (10) million dollars. This 'equity cushion' is enough to deny lifting the stay.

### D
### NECESSARY FOR REORGANIZATION

Even if there is no equity in the property, the property must also be unnecessary for a reorganization. 11 U.S.C. § 362(d)(2). Keeping these properties is the reason Ascendants filed chapter 11. Thus, the stay should be denied on that ground.

Finally, Ascendant has a potential lender/investor to contribute $50,000.00 to $100,000.00 to pay taxes and insurance, in return for a first position, if allowed the time to sell the property. Ascendant requests only eighteen (18) months to sell or refinance the property.

THEREFORE, Debtors requests that, the Motion for Relief from Automatic Stay, be denied, or in the alternative stayed for a period of time to allow Ascendant to sell or refinance the property.

DATED, this 10th day of December, 2009.

RESPECTFULLY SUBMITTED:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
Attorney for Debtor in Possession

4