CHRISTOPHER P. BURKE, ESQ.　　　　　　　　*ECF FILED ON 01/06/10*
Nevada Bar No.:  004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor
In Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: | BK-S-09-23539-MKN |
| | Chapter 11 |
| **ASCENDANT UTAH, LLC.,** | |
| | |
| Debtor(s). | DATE: 02-03-10 |
| | TIME: 9:30 A.M. |

**DEBTOR MOTION TO DISMISS CASE**

　　　COMES NOW, Debtor in Possession, ASCENDANT UTAH, LLC., (hereinafter "Debtor" or "Ascendant"), by and through its attorney Christopher P. Burke, Esq., and moves the Court to enter an order dismissing this case pursuant to 11 U.S.C. §1112(b).

　　　Attached hereto is Memorandum of Points and Authorities.

**I**
**MEMORANDUM OF POINTS AND AUTHORITIES**

　　　1.　This motion is premised upon 11 U.S.C. §1112(b), and presents the Court with a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).

　　　2.　Debtor filed a voluntary petition under Chapter 11 of

1 | the Bankruptcy Code on July 28, 2009.

2 |     3.    No Chapter 11 trustee has been appointed in this case
3 | and the debtor operates as a debtor-in-possession.

4 |     4.    The Debtor has filed all monthly operating reports.

5 |     5.    The Debtor has paid the United States Trustee
6 | quarterly fees due and owing.

7 |     6.    Though a disclosure statement and plan of
8 | reorganization have been filed in this case, it is no longer
9 | relevant as the stay has been lifted on the sole assets of the
10 | estate, namely real property.

## II
## LAW

11 U.S.C. §1112(b)(1)  Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that requested conversion or dismissal is not in the best interests of creditors and the estate, the court *shall* convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, which- ever is in the best interests of creditors and the estate, if the movant establishes cause.

    (4)    For purposes of this subsection, the term "cause" includes –

        (A)    substantial or continuation loss to or diminution of the estate and the absence of a reasonable likely- hood of rehabilitation.

. . .

        (F)    unexcused failure to satisfy timely any filing or reporting requirement

2

>           established by this title or by any
>           rule applicable to a case under this
>           chapter;
>
>                    . . .
>
> (K)       failure to pay any fees or charges
>           required under chapter 123 of title
>           28;

### III
### ARGUMENT

The purpose of §1112(b)(1) is to "preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." In re Loop Corp., 379 F.3d 511, 516(8th Cir.2004), *cert.denied,* 543 U.S. 1055, 125 S.Ct. 915, 160 L.Ed. 2d 778(2005), *citing* In re Lizeric Realty Corp., 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995).

In this case, Debtor's two combined parcels of 750 acres in Washington County, Utah are no longer property of the estate. Further, a conversion to Chapter 7 will not benefit the creditors as the only creditors are secured by the properties that the stay was lifted on. Since, Debtor has no other property, conversion will not produce assets for unsecured creditors.

A reasonable likelihood of rehabilitation is lacking where, for example, a debtor lacks income, operating funds, employees, capital, or a continuing revenue-generating activity. *See, e.g.,* In re Johnston, 149 B.R. 158, 160(9th Cir. BAP 1992)(lack of income); In re Great American Pyramid Joint Venture, 144 B.R.

3

1  780, 791 (Bankr. W.D. Tenn. 1992)(lack of operating funds); <u>In re</u>
2  <u>Citi-Toledo Partners,</u> 170 B.R. 602, 606 (Bankr. N.D. Ohio
3  1994)(lack of employees, capital, and revenue generation).
4      Courts have recognized that "[t]he very purpose of 11 U.S.C.
5  §1112(b) is to cut short the plan and confirmation process where
6  it is pointless."  <u>Loop,</u> 379 F.3d at 519, *citing* <u>Matter of</u>
7  <u>Woodbrook Associates.,</u> 19 F.3d 312, 317 (7th Cir. 1994).  Where a
8  court finds that no reasonable probability of reorganization
9  exists, it need not delay conversion or dismissal. <u>In re</u>
10 <u>Johnston,</u> 149 B.R. 158, 162 (9th Cir. BAP 1992).
11     The purpose of Debtors chapter 11 was to sell the parcels of
12 real property when the market improved.  Because that is no
13 longer a possibility, cause for dismissal exists as the Debtor
14 continues to incur administrative expenses in this case without
15 any known ability to pay and no likelihood of rehabilitation.
16     **WHEREFORE,** the Debtor respectfully requests that the Court
17 enter an order dismissing this case.

    Dated this 6th day of January, 2010.

                                         Respectfully submitted,

                                         /S/CHRISTOPHER P. BURKE, ESQ.
                                         CHRISTOPHER P. BURKE, ESQ.
                                         218 S. Maryland Pkwy.
                                         Las Vegas, NV  89101
                                         (702) 385-7987